**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**FATIMA SESAY,**

**Plaintiff,**

v.

**EQUIFAX INFORMATION SERVICES LLC,**
**TRANSUNION LLC,**
**DIGITAL FEDERAL CREDIT UNION,**
**TRUIST BANK,**
**PENTAGON FEDERAL CREDIT UNION,**
**CREDIT ONE BANK, N.A.,**
**NAVY FEDERAL CREDIT UNION,**
**MAXIMUS EDUCATION, LLC d/b/a**
**AIDVANTAGE**

**Defendants.**

**Case No.:**

## COMPLAINT

## INTRODUCTION

1. Congress enacted the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., in 1970 to ensure that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. Prior to the FCRA, consumers had virtually no meaningful rights to access, review, or correct the often inaccurate, outdated, and incomplete information contained in their credit files, which frequently resulted in wrongful denials of credit, employment, housing, insurance, and other essential opportunities.

2. The FCRA was designed to protect consumers by requiring consumer reporting agencies and furnishers of information to follow reasonable procedures to assure maximum possible accuracy of reported information, to conduct prompt and reasonable reinvestigations of disputed information, to provide consumers with complete and accurate file disclosures, and to maintain fair procedures for correcting errors.

3. On January 17, 2025, the Consumer Financial Protection Bureau ("CFPB") issued a consent order against Equifax Information Services LLC requiring payment of a $15 million civil penalty for failing to properly investigate consumer disputes, ignoring consumer-submitted evidence, reinserting previously deleted inaccuracies, issuing confusing and contradictory reinvestigation results, and utilizing flawed automated systems that perpetuated inaccurate reporting.

4. The CFPB has also taken repeated enforcement actions against TransUnion LLC for inadequate dispute investigations, inaccurate reporting practices, failure to properly handle consumer disputes, and continuing systemic deficiencies that mirror the violations alleged in this complaint.

5. Despite these well-publicized enforcement actions and the clear mandates of the FCRA, Defendants have engaged in the very same egregious, negligent, and willful violations that have caused Plaintiff concrete and particularized harm.

**PARTIES**

6. Plaintiff FATIMA SESA is an individual residing in Brooklyn, New York 11234.
7. Defendant Equifax Information Services LLC is a Georgia limited liability company with its principal place of business in Atlanta, Georgia. It is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and regularly conducts business in New York.
8. Defendant TransUnion LLC is a Delaware limited liability company with its principal place of business in Chicago, Illinois. It is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and regularly conducts business in New York.
9. Defendant Digital Federal Credit Union is a furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 and regularly conducts business in New York.
10. Defendant Truist Bank is a furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 and regularly conducts business in New York.

11. Defendant Pentagon Federal Credit Union is a furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 and regularly conducts business in New York.
12. Defendant Credit One Bank, N.A. is a furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 and regularly conducts business in New York.
13. Defendant Navy Federal Credit Union is a furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 and regularly conducts business in New York.
14. Defendant Maximus Education, LLC d/b/a/ Aidvantage is a furnisher of consumer credit information (student loans) as defined by 15 U.S.C. § 1681s-2 and regularly conducts business in New York.

**JURISDICTION AND VENUE**

15. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the FCRA, 15 U.S.C. § 1681 et seq.
16. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this district and a substantial part of the events giving rise to the claims occurred in this district.

**FACTUAL ALLEGATIONS**

17. Plaintiff planned to apply for a mortgage for family and household purposes.
18. Plaintiff requested her full file disclosure from annualcreditreport.com from all CRAs, and they failed to provide full file disclosure, which is a violation of 15 U.S.C. § 1681g(a).
19. Plaintiff reviewed her credit report via Equifax and TransUnion websites and found inaccurate and incomplete items of information on his credit report, Especially her DCU auto loan was paid and current but reported as late payment.
20. Plaintiff disputed each item of information that are inaccurate, incomplete and inconsistent across all CRA websites around March 2026.
21. Upon information and belief, each CRA defendant notified all Furnisher defendants per 15 U.S.C. § 1681i(a). This triggered the duty of each furnisher defendant to conduct a proper and reasonable reinvestigation per 15 U.S.C. § 1681s-2(b).
22. All defendants have 30 to 45 days to conduct a reasonable reinvestigation and either update, delete or block any items of information if it cannot be verified.
23. Around May 2026, Plaintiff applied for a $100,000 loan with SoFi Bank and credit with Capital One. Around May 1st 2026, Plaintiff applied for a $75,000 loan from Upstart Inc.

Her information was disseminated to known and unknown lenders and creditors. Plaintiff was denied credit due to adverse information reported on his credit.

24. Around May 2026, Plaintiff reviewed her credit report and discovered that all defendants failed to reinvestigate and address Plaintiff's concerns, including DCU.

**Specific Allegations – Equifax Credit Report**

25. Penfed xxxxxxxxxxxx 9102: This account is inaccurate and incomplete, December 2025 is reported as 60 days instead of 30 days late. This account is reported inconsistently with how it's reported on other CRAs.

26. DCU xxxxxx 8144: This account is inaccurate and incomplete, January to March 2026 is reported in the wrong progression as 60, 90, 120, instead of 30,60,90,120 days late. This account is reported inconsistently with how it is reported on other CRAs.

27. Navy Federal xxxxxxxxxxx 6846: This account is inaccurate and incomplete, February and March 2026 is reported in wrong progression as 60, 90 instead of 30, 60 days late. This account is reported inconsistently with how it is reported on other CRAs.

28. Credit One xxxxxxxxxxx 8377: This account is inaccurate and incomplete, January 2026 is reported as 60 days late instead of 30 days late. This account is reported inconsistently with how it is reported on other CRAs.

29. Truist - xxxxxxxxxxxx 2402: Date of last activity not reported, January to March 2024 payment data and more are not reported, October to December 2025 payment is inaccurate.

30. DCU Auto - Account Number xxxxxx 8143: This account is inaccurate and incomplete. October to December 2025 is reported 60 days repeatedly and erroneously.

31. DCU xxxxxx 8141: Date of last activity is not reported, November and December is reported as 60 to 90 days late which is inaccurate and inconsistent with how it is reported on other CRAs.

**Specific Allegations – TransUnion Credit Report**

32. MAXIMUS DEPT OF ED/AIDV91601054891ER012018****: Account terms are inaccurate. November 2014 to February 2019 payments are not reported. March 2019 payment not reported. July to August 2019 payments not reported. January and February 2020 payments not reported. February, April, May and June 2024 payments not reported. May and June 2025 payments not reported. August to December 2025 payments not reported. March and April 2025 payment status is reported inaccurately. This account is inaccurate and incomplete.

33. DIGITAL FED CU654090****: This account is inaccurate and incomplete. October 2025 to January 2026 is reported as 30 days erroneously and inaccurately. The reporting progression is wrong.

34. DIGITAL FED CU654090****: This account payment history is reported inconsistently with other CRAs.

35. TRUIST BANK451336000810****: This account is inaccurately reported and inconsistently with other CRAs.

36. CREDIT ONE BANK37936403187****: This account payment history is reported inconsistently with other CRAs.

37. If defendants had conducted a proper and reasonable reinvestigation, all defendants would have updated, deleted or blocked all inaccurate and incomplete items of information if it cannot be verified. Instead they verified all items of information as accurate and failed to mark some accounts as disputed.

38. As a direct and proximate result of Defendants' inaccurate and unlawful credit reporting, Plaintiff suffered concrete and particularized harm. Plaintiff was denied a $100,000 loan with SoFi Bank, credit with Capital One, and a $75,000 loan from Upstart Inc. Plaintiff's planned mortgage application was adversely affected. Plaintiff suffered lost financial opportunities, increased costs of credit, a damaged credit score, and was forced to expend significant time and effort attempting to correct the inaccurate reporting.

39. In addition, Plaintiff experienced severe emotional distress, anxiety, frustration, humiliation, mental anguish, financial stress, and reputational harm caused by the continued presence of false and misleading information on his credit reports. These injuries are actual, real, and measurable, and not merely procedural or speculative. Plaintiff also suffered specific harm due to DCU's willful and negligent failure to accurately report on-time payments on the DCU auto loan.

## CLAIMS FOR RELIEF

### I. FIRST CLAIM FOR RELIEF

### 15 U.S.C. § 1681g(a) – Failure to Provide Complete and Accurate File Disclosure (Against Defendants Equifax and TransUnion)

40. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set forth herein.
41. Pursuant to 15 U.S.C. § 1681g(a), consumer reporting agencies are required to make available to consumers, upon request, all information in the consumer's file at the time of the request, including a complete and accurate disclosure of the consumer's credit file, which must clearly and accurately disclose all information in the file.
42. Defendants Equifax and TransUnion failed to provide Plaintiff with a complete and accurate disclosure of his credit files. The disclosures provided included inaccurate, incomplete, and outdated information, omitted critical account details, and failed to reflect corrections or deletions of disputed items despite Plaintiff's requests.
43. As a direct and proximate result of Defendants' violations, Plaintiff suffered concrete injury in fact, including mental and emotional distress, damage to credit reputation and rating, lost credit opportunities, increased costs of credit, and other damages.
44. At all times alleged herein, Defendants acted negligently and/or willfully.
45. Defendants are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681o.

## II. SECOND CLAIM FOR RELIEF

### 15 U.S.C. § 1681e(b) – Failure to Follow Reasonable Procedures (Against Defendants Equifax and TransUnion)

46. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set forth herein.
47. Defendants Equifax and TransUnion violated 15 U.S.C. § 1681e(b) because they failed to follow reasonable procedures to assure maximum possible accuracy when preparing consumer reports concerning Plaintiff.
48. Defendants have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.
49. At all times alleged herein, Defendants acted negligently and/or willfully.
50. Defendants are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681o.

## III. THIRD CLAIM FOR RELIEF

### 15 U.S.C. § 1681i(a)(2) (Against Defendants Equifax and TransUnion)

51. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set forth herein.
52. Defendants violated 15 U.S.C. § 1681i(a)(2) in that they failed to promptly notify the furnishers of information and provide all relevant information regarding Plaintiff's disputes.
53. Defendants have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.
54. Defendants acted negligently and/or willfully.
55. Plaintiff is entitled to actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681o.

## IV. FOURTH CLAIM FOR RELIEF

### 15 U.S.C. § 1681i(a)(4) (Against Defendants Equifax and TransUnion)

56. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set forth herein.

57. Defendants violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff during the reinvestigation.
58. Defendants have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.
59. Defendants acted negligently and/or willfully.
60. Plaintiff is entitled to actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681o.

## V. FIFTH CLAIM FOR RELIEF

### 15 U.S.C. § 1681i(a)(5) (Against Defendants Equifax and TransUnion)

61. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set forth herein.
62. Defendants violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify inaccurate or incomplete information and by failing to prevent the reappearance of such information.
63. Defendants have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.
64. Defendants acted negligently and/or willfully.
65. Plaintiff is entitled to actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681o.

## VI. SIXTH CLAIM FOR RELIEF

**15 U.S.C. § 1681i(a)(6)(B)(iii)** (Against Defendants Equifax and TransUnion)

66. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set forth herein.
67. Defendants violated 15 U.S.C. § 1681i(a)(6)(B)(iii) by failing to provide Plaintiff with a description of the procedures used in the reinvestigation.
68. Defendants have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.
69. Defendants acted negligently and/or willfully.
70. Plaintiff is entitled to actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681o.

## VII. SEVENTH CLAIM FOR RELIEF

### 15 U.S.C. § 1681i(a)(7) (Against Defendants Equifax and TransUnion)

71. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set forth herein.
72. Defendants violated 15 U.S.C. § 1681i(a)(7) by failing to timely provide the requested description of the reinvestigation.
73. Defendants have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.
74. Defendants acted negligently and/or willfully.
75. Plaintiff is entitled to actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681o.

## VIII. EIGHTH CLAIM FOR RELIEF

### 15 U.S.C. § 1681s-2(b)(1)(A) – Failure to Conduct Reasonable Investigation (Against all Furnisher Defendants)

76. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set forth herein.
77. The Furnisher Defendants have violated 15 U.S.C. § 1681s-2(b)(1)(A) in that they failed to conduct a reasonable investigation on the disputed items that they furnished to the Consumer Reporting Agencies, including DCU's failure to accurately report on-time payments and Aidvantage student loan reporting issues.
78. Defendants caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.
79. Defendants' conduct was negligent and/or willful.
80. Plaintiff is entitled to actual damages, punitive damages, attorney's fees and litigation costs for Defendants' willful acts pursuant to 15 U.S.C. § 1681n.
81. Alternatively, Plaintiff is entitled to actual damages, and litigation costs if Defendants' violations are negligent, pursuant to 15 U.S.C. § 1681o.

## IX. NINTH CLAIM FOR RELIEF

### 15 U.S.C. § 1681s-2(b)(1)(B) (Against all Furnisher Defendants)

82. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set forth herein.

83. The Furnisher Defendants violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information forwarded to them by the consumer reporting agencies regarding Plaintiff's disputes.
84. Defendants caused injury in fact, by causing, among other things, mental and emotional distress, damage to Plaintiff's credit reputation and rating, and other injuries and damages to Plaintiff.
85. Defendants' conduct was negligent and/or willful.
86. Plaintiff is entitled to recover actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681n.
87. Alternatively, Plaintiff is entitled to actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

## X. TENTH CLAIM FOR RELIEF

### 15 U.S.C. § 1681s-2(b)(1)(D) (Against all Furnisher Defendants)

88. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set forth herein.
89. The Furnisher Defendants violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report the results of the reinvestigation to all consumer reporting agencies.
90. Defendants caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.
91. Defendants' conduct was negligent and/or willful.
92. Plaintiff is entitled to recover actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681n.
93. Alternatively, Plaintiff is entitled to actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

## XI. ELEVENTH CLAIM FOR RELIEF

### 15 U.S.C. § 1681s-2(b)(1)(E) (Against all Furnisher Defendants)

94. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set forth herein.
95. The Furnisher Defendants violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the reporting of inaccurate, incomplete, or unverifiable information.

96. Defendants caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.
97. Defendants' conduct was negligent and/or willful.
98. Plaintiff is entitled to recover actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681n.
99. Alternatively, Plaintiff is entitled to recover actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

## XII. TWELFTH CLAIM FOR RELIEF

### Willful Noncompliance – 15 U.S.C. § 1681n (Against All Defendants)

100. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set forth herein.
101. Defendants' violations of the FCRA were willful, entitling Plaintiff to statutory damages, punitive damages, and attorney's fees under 15 U.S.C. § 1681n.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against all Defendants for:

a. Actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o;

b. Statutory damages pursuant to 15 U.S.C. § 1681n;

c. Punitive damages;

d. Compensatory damages for emotional distress and other harms;

e. Injunctive relief ordering Defendants to correct, delete, or block all inaccurate information and mark accounts as disputed;

f. Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o;

g. Such other and further relief as the Court deems just and proper.

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 13, 2026

________________________________

Adam J. Fishbein
Adam J. Fishbein (AF-9508)
Attorney At Law
Attorney for the Plaintiff
735 Central Avenue
Woodmere, New York 11598
516-668-6945

fishbeinadamj@gmail.com